NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JAMES REDONDO, *Appellant*.

No. 1 CA-CR 17-0211
FILED 1-18-2018

Appeal from the Superior Court in Maricopa County
No. CR2015-118182-001 DT
The Honorable Joseph P. Mikitish, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

The Hopkins Law Office, P.C., Tucson
By Cedric Martin Hopkins
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Diane M. Johnsen joined.

---

**C R U Z**, Judge:

¶1　　　This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for James Redondo has advised this Court that counsel found no arguable questions of law and asks us to search the record for fundamental error. Redondo was convicted of the sale or transportation of dangerous drugs and the sale or transportation of narcotic drugs. Redondo was given an opportunity to file a supplemental brief *in propria persona*; he has not done so. After reviewing the record, we affirm Redondo's convictions and sentences.

## FACTUAL AND PROCEDURAL HISTORY

¶2　　　We view the facts in the light most favorable to sustaining the judgment and resolve all reasonable inferences against Redondo. *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

¶3　　　On August 2, 2013, Detectives R.E. and R.C. were working undercover and came into contact with Redondo at an apartment. Detectives R.E. and R.C. were investigating drug sales. The detectives met with Redondo, who was in possession of methamphetamine and oxycodone pills. Detective R.E. and Redondo agreed that Detective R.E. would pay Redondo $150 for the drugs, and they completed the sale. Redondo then left the apartment and drove away. Detectives R.E. and R.C. memorialized Redondo's license plate as he drove away, and later ran the plate, discovering it belonged to Redondo's mother. The detectives also discovered a photo of Redondo and recognized him as the individual who sold the detectives the drugs. Redondo was not immediately arrested.

¶4　　　On October 2, 2013, Redondo committed the crime of misconduct involving weapons, a Class 4 felony.

¶5　　　In April 2015, Redondo was arrested in connection with the 2013 drug incident and charged with one count of the sale or transportation of dangerous drugs, a Class 2 felony, and one count of the sale or

transportation of narcotic drugs, also a Class 2 felony. His charge for misconduct involving weapons was still pending.

¶6        After a four-day trial on the drug charges, the jury was unable to reach a verdict, and the court declared a mistrial.

¶7        At Redondo's second trial,[1] Detectives R.E. and R.C. testified to the drug deal and identified Redondo as the individual who sold R.E. the methamphetamine and oxycodone. Redondo testified that he stopped by the apartment only to pick up a cell phone he had forgotten. He denied his involvement in any drug sale and testified that he remained at the apartment just to give another individual a ride home. Redondo's testimony suggested that the individual who got into his vehicle was the individual who sold the drugs to Detective R.E., not him.

¶8        The jury found Redondo guilty on both counts. After an aggravation phase, the jury found the state proved Redondo committed both offenses as consideration for pecuniary value and involved an accomplice. Redondo then pleaded guilty to the weapons charge. As to the drug charges, Redondo was sentenced to 6.5 years for count one and was given 3 years' probation for count two. Redondo's prison sentence was set to run concurrently with his stipulated sentence on the weapons charge, 2.5 years imprisonment, and he was given 175 days pre-sentence incarceration credit. The court also fined Redondo $3,000 for the drug convictions.

**DISCUSSION**

¶9        We review Redondo's convictions and sentences for fundamental error. *See State v. Flores*, 227 Ariz. 509, 512, ¶ 12 (App. 2011). Counsel for Redondo has advised this Court that after a diligent search of the entire record, counsel has found no arguable question of law. We have read and considered counsel's brief and fully reviewed the record for reversible error, *see Leon*, 104 Ariz. at 300, and find none. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, counsel represented Redondo at all stages of the proceedings, and the sentences imposed were within the statutory guidelines. We decline to order briefing and affirm Redondo's convictions and sentences.

---

[1]        We note the transcript for December 8, 2016—jury selection—was not designated for the record. We confine our review to the record on appeal.

**¶10** Upon the filing of this decision, defense counsel shall inform Redondo of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Redondo shall have 30 days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review.

## CONCLUSION

**¶11** For the foregoing reasons, we affirm Redondo's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED: AA